# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DETRICK CROSTON                                                                                      PETITIONER

v.                            NO. 5:08CV00227 SWW/HDY

LARRY NORRIS, Director of the                                       RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

## DISPOSITION

STATE COURT PROCEEDINGS. On September 28, 2004, petitioner Detrick Croston ("Croston") was convicted in Faulkner County, Arkansas, Circuit Court of aggravated robbery and theft of property in case number CR 2004-1061. On October 1, 2004, the judgment and commitment order in the case was entered on the circuit court docket.

Croston desired to appeal his convictions in CR 2004-1061 and directed his attorney to do so. Sadly, his attorney did nothing. Not only did his attorney do nothing, his attorney made affirmative representations that a notice of appeal had been filed. Thus, Croston could have believed that an appeal was underway. At some point, Croston learned that his attorney had never filed a notice of appeal in CR 2004-1061.

Sometime in 2006, Croston's attorney self-reported his own misconduct to the Arkansas Supreme Court Committee on Professional Conduct ("Committee"). His attorney admitted that he did not file a notice of appeal in CR 2004-1061 and that he had advised Croston on more than one occasion that a notice of appeal had been filed. Croston's attorney acknowledged that he was completely at fault and that "no errors were committed or caused in whole or in part by ... Croston." See Document 8, Exhibit 1 at 2. The Committee concluded that Croston's attorney had violated several state Rules of Professional Conduct which "resulted in the loss of ... Croston's right to an appeal of his conviction being heard by the Arkansas Supreme Court or Court of Appeals." See Document 8, Exhibit 2 at 1-2.

On January 13, 2006, Croston filed a timely motion for belated appeal with the state Supreme Court. He failed, however, to comply with the requisite procedural rules, and the state Supreme Court denied his motion for belated appeal in an opinion delivered on May 11, 2006. The state Supreme Court justified its decision as follows:

> Belated appeals in criminal cases are governed by Rule 2(e) of the Rules of Appellate Procedure - Criminal. The rule provides in pertinent part that "no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of judgment ..." [Croston] first tendered the motion for belated appeal here on January 13, 2006, but he did not tender the certified partial record necessary to file the motion until April 19, 2006. The eighteen-month period to file a motion for belated appeal in the instant case elapsed on April 1, 2006.
>
> It is incumbent on a petitioner to file a record supporting the motion for belated appeal in a timely manner inasmuch as an untimely motion for belated appeal is subject to dismissal. [Citation omitted]. As [Croston] failed to file the motion within the period allowed by Ark. R. App. P. - Crim. 2(a), the motion is dismissed.

See Croston v. State, 2006 WL 1284822 at 1 (Ark.S.Ct. May 11, 2006).

On June 8, 2006, Croston filed his first petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 with the Faulkner County, Arkansas, Circuit Court ("Petition One"). His thirty-two page petition, though, exceeded the maximum number of pages allowed for such a petition. For that reason, the state trial court judge denied Petition One on July 24, 2006, although the order denying his petition was not entered on the circuit court docket until September 14, 2006.

Croston appealed the denial of Petition One to the state Supreme Court. His appeal appears to have been dismissed on April 26, 2007, when he failed to file a timely appellate court brief. See Croston v. State, 2008 WL 1970958 (Ark.S.Ct. May 8, 2008).

On December 27, 2006, Croston filed a second petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 with the Faulkner County, Arkansas, Circuit Court ("Petition Two"). On May 31, 2007, he filed a third petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 with the Faulkner County, Arkansas, Circuit Court ("Petition Three"). On December 19, 2007, the state trial court judge denied either Petition Two or Petition Three.[1]

Croston appealed the December 19, 2007, order and, thereafter, filed a motion requesting an extension of time within which to file his brief. The state Supreme Court declined to address the motion but instead dismissed his appeal, stating the following:

> An appeal of the denial of postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. Booth v. State, 353 Ark. 119, 110 S.W.3d 759 (2003) (per curiam). In this case, [Croston's] Rule 37.1 petition was not timely filed and it is clear that he cannot prevail.

---

[1] The December 19, 2007, order denying either Petition Two or Petition Three contains the Faulkner County, Arkansas, Circuit Court docket number for the aggravated robbery and theft of property offenses Croston was charged with committing, that being, CR 2004-1061. The order does not contain a separate circuit court docket number for either Petition Two or Petition Three, assuming of course that separate docket numbers were assigned to those petitions. Thus, it is impossible to know which petition the order denied. The state Supreme Court acknowledged as much, noting that "[t]he trial court denied one of those petitions [i.e., Petition Two or Petition Three] by an order entered on December 19, 2007." See Croston v. State, 2008 WL 1970958 at 1. It ultimately makes no difference, though, because the state Supreme Court subsequently found that both petitions were untimely.

> Where a conviction was not appealed, Ark. R.Crim. P. 37.2(c) requires that the petition for postconviction relief must be filed within ninety days of the entry of the judgment. In this case, where the judgment was entered on October 1, 2004, the ninetieth day was December 30, 2004. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and the circuit court may not grant relief on an untimely petition. Womack v. State, 368 Ark. 341, 245 S.W.3d 154 (2006) (per curiam). Because the circuit court could not grant relief on either of the petitions contained in the record, it is clear that [Croston] ... cannot prevail. Accordingly, we dismiss the appeal and the motion is moot.

See Id. at 1.

FEDERAL COURT PROCEEDINGS. On August 13, 2008, Croston mailed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, Croston maintained that he was denied his right to a direct appeal of his convictions in CR 2004-1061 because of his attorney's misconduct.

Respondent Larry Norris ("Norris") responded to Croston's petition by filing the pending motion to dismiss. See Document 5. Norris maintained in the motion that the petition is barred by the limitations period codified at 28 U.S.C. 2244(d), specifically, that the petition was not filed within one year of Croston's convictions becoming final and that the one year period was not tolled by any of his post-convictions submissions.

Before giving serious consideration to the assertion contained in Norris' motion, the undersigned invited Croston to submit a response in which he addressed the assertion. Croston accepted that invitation by filing a response.

The undersigned has now thoroughly reviewed the pleadings and exhibits submitted by the parties. On the basis of that review, the undersigned issues the following findings and recommendation.

LIMITATIONS. A state prisoner has one year during which he must commence a proceeding pursuant to 28 U.S.C. 2254. If he fails to commence the proceeding within that year, it is forever barred. 28 U.S.C. 2244(d) identifies the following events as triggering the one year period:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Croston has not specifically alleged which sub-paragraph of 28 U.S.C. 2244(d)(1) is applicable in this proceeding. Liberally construing his pro se submissions, he appears to maintain that sub-paragraph (D) is applicable, i.e., the one year period commenced on "the date on which the factual predicate of the claim ... could have been discovered through the exercise of due diligence." Given that construction of his pleadings, the one year period would have commenced on the day he could have discovered through the exercise of due diligence that his attorney had never filed a notice of appeal. He represents that he was not aware of his attorney's misconduct until June 6, 2006.

Croston knew of his attorney's misconduct by at least January 13, 2006, i.e., the day on which he filed his motion for belated appeal, as his attorney's misconduct was the basis for the motion. The undersigned nevertheless accepts for the purposes of this recommendation Croston's representation that he did not learn of, nor could he have discovered through the exercise of due diligence, his attorney's misconduct until June 6, 2006. The one year period thus commenced on that date, and he had up through June 5, 2007, to file a timely petition pursuant to 28 U.S.C. 2254. He failed, however, to file a petition by that date as he did not mail the petition at bar until August 13, 2008. The question for the undersigned is the extent to which the one year period should be affected by his post-conviction submissions.

28 U.S.C. 2244(d)(2) provides that the time during which a properly filed petition for post-conviction relief is pending shall not be counted toward the one year period. Liberally construing Croston's pro se submissions, he appears to maintain that the time during which his three state court petitions for post-conviction relief were pending should not be counted toward the one year period. The undersigned cannot agree.

28 U.S.C. 2244(d)(2) does not provide that the time during which **any** petition for post-conviction relief is pending should not be counted toward the one year period. Rather, it provides that only **properly filed** petitions warrant such consideration. See Finch v. Miller, 491 F.3d 424 (8th Cir. 2007). A petition is not properly filed, and the time it is pending is counted, if it is denied as untimely, see Id., or because it fails to comply with a state's procedural rules. See Walker v. Norris, 436 F.3d 1026 (8th Cir. 2006).

Croston filed Petition One on June 8, 2006, or two days after the commencement of the one year period. Because the petition exceeded the maximum number of pages allowed, it was denied on July 24, 2006, although the order denying the petition was not entered on the circuit court docket until September 14, 2006. He appealed the denial of Petition One, but the appeal appears to have been dismissed on April 26, 2007, when he failed to file a timely appellate court brief. The undersigned finds that Croston failed to comply with the state's procedural rules in commencing Petition One, and it was not properly filed. The time it was pending will therefore not be excluded in calculating the one year period.

Croston filed Petition Two on December 27, 2006, or approximately six and one half months after the commencement of the one year period. He filed Petition Three on May 31, 2007, or six days before the expiration of the one year period. On December 19, 2007, the state trial court judge denied one of the petitions. Croston appealed the December 19, 2007, order, but the appeal was dismissed on May 8, 2008, when the state Supreme Court determined that neither Petition Two nor Petition Three were filed in a timely manner. The undersigned finds that Croston failed to file Petition Two or Petition Three in a timely manner, and the petitions were not properly filed. The time they were pending will therefore not be excluded in calculating the one year period.

None of the three petitions for post-conviction relief filed by Croston in state court were properly filed. They did nothing to toll the one year period that commenced on June 6, 2006. The one year period expired on June 6, 2007, and it was not until approximately fourteen months later that he commenced this proceeding. His petition is barred by limitations unless there is some other reason for excusing its untimeliness.

Is the one year period affected by Croston's motion for belated appeal? The undersigned thinks not. Although he filed the motion in a timely manner, it was denied by the state Supreme Court in an opinion delivered on May 11, 2006, when he failed to comply with the requisite procedural rules. As the undersigned has calculated the one year period as having commenced after that day, or on June 6, 2006, the period of time his motion was pending has already been excluded from the one year period.

Is the one year period affected by equitable tolling?[2] The undersigned thinks not. Croston has already received the benefit of the period of time he would have otherwise received had equitable tolling been applied in this proceeding. Specifically, the undersigned has omitted the period of time from October 1, 2004, up to June 6, 2006, in calculating the one year period. Even excluding the approximately twenty months from October 1, 2004, up to June 6, 2006, he still failed to file the petition at bar within one year of June 6, 2006.

There is simply no reason for excusing the untimeliness of Croston's petition. The undersigned concludes that it is therefore barred by limitations.

RECOMMENDATION. The undersigned recognizes that Croston never received appellate review of his convictions in CR 2004-1061. It is hard not to focus upon the fact that his attorney failed to file a notice of appeal and attribute all of Croston's difficulties to that fact, but it is Croston's failure himself to properly pursue a belated appeal <u>after he became aware that his attorney had not filed the notice of appeal</u> that prevents him from pursing federal habeas relief. The motion to dismiss filed by Norris should be granted and Croston's petition should be dismissed. All requested relief should be denied, and judgment should be entered for Norris.

---

[2] "'To be entitled to equitable tolling, [petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" See Finch v. Miller, 491 F.3d at 427 [quoting Lawrence v. Florida, 549 U.S. 327 (2007)].

DATED this   19   day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE